| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>**HILL WALLACK LLP**<br>Elizabeth K. Holdren, Esq.<br>21 Roszel Road<br>P.O. Box 5226<br>Princeton, NJ 08543<br>Phone: 609-924-0808<br>Email: eholdren@hillwallack.com<br>*Attorneys for Investors Commercial Capital, LLC* | |
| In Re:<br><br>JAC Encore, LLC<br><br>Debtor. | Case No.: 25-22025(MBK)<br><br>Chapter: 11<br><br>Hearing Date: April 16, 2026 , at 10:00 a.m.<br><br>Judge: Michael B. Kaplan, U.S.B.J. |

**CERTIFICATION IN SUPPORT OF MOTION FOR ORDER DISMISSING BANKRUPTCY CASE OR, ALTERNATIVELY, GRANTING RELIEF FROM THE AUTOMATIC STAY WITH PROSPECTIVE IN REM RELIEF AND A WAIVER OF THE 14-DAY STAY OF THE ORDER PURSUANT TO RULE 4001(a)(3)**

I, Michelle Sharer, being of full age, hereby certify as follows:

1. I am a Member of Investors Commercial Capital, LLC ("Movant") in the within matter. As such, I am personally familiar with the facts set forth herein and am authorized to make this Certification on behalf of Movant.

2. This Certification is submitted in support of Movant's Motion for an Order dismissing the bankruptcy case filed by the debtor, JAC Encore, LLC ("Debtor") pursuant to Section 1112(b)(1) or, alternatively, granting Movant relief from the automatic stay with prospective in rem relief pursuant to Sections 362(d)(1) and (d)(4) of the Bankruptcy Code with respect to real property located 2307 South Broad Street, Hamilton, New Jersey 08610 (the

"Property") on which the Movant holds a Mortgage, with a waiver of the 14-day stay of the Order pursuant to Rule 4001(a)(3).

3. The information in this Certification is taken from the Movant's business records regarding the mortgage loan account(s) at issue in this matter. I have personal knowledge of Movant's procedures for creating these types of records. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Movant's regularly conducted business activities; and (c) it is the regular practice of the Movant to make such records.

4. On or about May 21, 2019, Alberto Rodriguez ("Rodriguez") executed and delivered to Movant an Interest-Only Balloon Promissory Note in the original principal amount of $150,000.00 (the "Note"), which Note provides for repayment at a specified rate of interest and that all outstanding principal, accrued and unpaid interest and charges, if any, shall become due and payable on June 1, 2024 (the "Maturity Date"). A copy of the Note is attached hereto as **Exhibit A**.

5. To secure his obligations under the Note, on May 21, 2019, Rodriguez executed and delivered to Movant a Mortgage in the amount of $150,000.00 (the "Mortgage") on the Property, which Mortgage was recorded on May 22, 2019, in the Mercer County Clerk's Office, in Book 11408, Page 1978. A copy of the Mortgage is attached hereto as **Exhibit B**.

6. On March 9, 2020, the Department of Treasury – Internal Revenue Service (the "IRS") issued a Notice of Federal Tax Lien, through which the IRS placed a lien in the amount of $314,419.82 (the "IRS Lien") on all property and rights to property owned by Rodriguez, including the Property on which Movant holds the Mortgage. The IRS Lien was recorded on

April 30, 2020, in the Office of the Mercer County Clerk in Book 226, Page 24. A copy of the recorded IRS Lien is attached hereto as **Exhibit C**.

7. On or about November 11, 2022, Rodriguez defaulted with respect to the payment of mortgage installments pursuant to the Note and Mortgage. Moreover, the subject loan was not paid in full on the Maturity Date, which was June 1, 2024.

8. On April 21, 2023, Movant instituted a foreclosure proceeding in the Superior Court of New Jersey to enforce its rights in the Property as Docket No. F-004980-23 and captioned as *Investors Commercial Capital, LLC v. Alberto Rodriguez, et al.* (the "Complaint"). A copy of the Complaint is attached hereto as **Exhibit D**.

9. On November 28, 2023, a Final Judgment of Foreclosure in the amount of $167,197.85 together with taxed costs of $1,821.97 was entered by the Superior Court of New Jersey for Mercer County (the "Final Judgment"). A copy of the Final Judgment is attached hereto as **Exhibit E**.

10. On November 28, 2023, a Writ of Execution was issued to the Sheriff of Mercer County to command execution of the Final Judgment as against the Property (the "Writ"). A copy of the Writ is attached hereto as **Exhibit F**.

11. A Sheriff's Sale of the Property was scheduled for March 6, 2024, and Rodriguez exercised his two (2) statutory adjournments, thereby adjourning the sale to May 1, 2024.

12. After exhausting his statutory adjournments of the Sheriff's sale under New Jersey state law, on April 29, 2024, Rodriguez filed a Chapter 13 Bankruptcy proceeding by the filing of a voluntary petition for relief (the "Rodriguez Petition") with assistance of counsel, known as Case No. 24-14378 (the "Rodriguez Bankruptcy"). A copy of the Rodriguez Petition is attached hereto as **Exhibit G**.

13. In Schedule A/B of the Rodriguez Petition, Rodriguez states that he holds a one percent (1%) ownership interest in the Debtor. Id.

14. On April 17, 2025, the Standing Chapter 13 Trustee filed a Motion for an order dismissing the Rodriguez Bankruptcy based on Rodriguez's failure to make all required payments to the Trustee and otherwise comply with the provisions of confirmation.

15. On May 22, 2025, the Court entered an Order Dismissing the Rodriguez Bankruptcy.

16. In light of the dismissal of the Rodriguez Bankruptcy, the Sheriff's sale of the Property was rescheduled for November 12, 2025.

17. On August 6, 2025, Rodriguez transferred his interest in the Property to Debtor via Quitclaim Deed (the "Deed") in consideration of payment by Debtor in the amount of One and 00/100 Dollars ($1.00). A true copy of the Deed is attached hereto as **Exhibit H.**

18. On November 12, 2025, Debtor filed the present Chapter 11 Bankruptcy proceeding by the filing of a voluntary petition for relief (the "Debtor Petition") with assistance of counsel, known as Case No. 25-22025 (the "Debtor Bankruptcy"), which petition was deemed deficient under Local Rule 1006 for, among other things, Debtor's failure to file the required Schedules.

19. On December 8, 2025, Debtor filed an Official Form 202 Declaration Under Penalty of Perjury for Non-Individual Debtors, along with the corresponding schedules (collectively, the "Schedules"), in which Debtor's only listed assets were a $100.00 checking account, $2,000.00 of inventory, $700.00 of office furniture and fixtures, $16,000.00 of automobiles, and the Property which had been transferred to Debtor under the Deed. A copy of the Schedules is attached hereto as **Exhibit I**.

20. Based on Schedules D and E/F, Debtor's only secured claims are the Movant's, listed at $199,999.90 and a claim by Trenton Water with respect to the Property, listed as "unknown". Debtor's unsecured claims total $34,000.00. Id.

21. There is no indication that the Debtor has any employees.

22. As a result of the filing of the Debtor Petition, Movant was stayed from proceeding with the Sheriff's sale of the Property.

23. Taxes and sewer charges on the Property have remained unpaid since 2024 and, as of March 2, 2026, the total outstanding balance is $11,400.44. A copy of the Lien Redemption Worksheet from the Township of Hamilton dated March 2, 2026, is attached hereto as **Exhibit J**.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are knowingly or willfully false, I am subject to punishment.

Michelle Sharer
MICHELLE SHARER

Dated: 3/23/26